Marcelina Franqui de Alfaro, etc., Plaintiff and Appellee, v. Fuertes Hermanos, *S. en C.,* Defendant and Appellant.

No. 4767. Argued November 8, 1929.—Decided June 25, 1930.

*Salvador Suau* for appellant. *García Méndez & García Méndez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action for damages where the complaint alleged that the action was due "solely and exclusively to the fault (*culpa*) and negligence of Federico Jovet, employee of the defendant, who was working as such, the said carelessness and negligence being the immediate and proximate cause of said accident." The defendant on appeal maintains that the complaint is insufficient because it fails to allege that the employee was acting within the scope of his employment, in other words, within the sanction imposed by section 1804 of the Civil Code.

In its opinion the court below said that no specific defect of the complaint had been pointed out to it. At the trial it was sufficiently proved that the alleged agent was about the business of his employer. Following the jurisprudence set forth in *People* v. *Heirs of Valdés,* 31 P.R.R. 213, 224, and citing the note to *Ellinghouse* v. *Ajax Live Stock Co.,* L.R.A.

1916d 841, 843, we should hold that the complaint under the circumstances recited should be considered as amended.

The complaint furthermore set forth that on the 26th of March, 1927, the defendant was the owner of a truck appropriated (*destinado*) to the use of the company (*empresa*) for the carrying of products, etc., and further on that the agent was acting as such employee. From these averments we may infer that the agent was about his duties. Perhaps it may be said that when it is alleged that a vehicle was being driven by an agent, the presumption would arise that the said agent was about the business of his principal. This disposes of the first assignment of error.

From the proof presented in the case the court found that at 11:30 of the night of the 26th of March, 1927, the real plaintiff Vicente Vélez, a minor 16 years of age and a farmer by occupation was driving horseback at the edge of the highroad which runs from Isabela to Aguadilla, on the right of the road; that there came from the opposite direction a Mack truck, license HP-143, the property of the defendant and driven by its employee or chauffeur Federico Jovet; that this truck was going at excessive speed, performing zigzags, without blowing a horn or giving any other signal of alarm and carrying two gas lamps in front, one of them extinguished and the other dimmed; that the truck collided violently with the plaintiff, causing a wound on his left knee, producing a profuse hemorrhage, and throwing him to the ground along with the horse; that the truck continued its rapid pace until arriving at the town of Isabela; that the said plaintiff was picked up by several persons and carried to the said town of Isabela to be treated and there he received first aid from Dr. Santiago who recommended immediate surgical intervention; that the following day he was transferred to the Municipal Hospital of Aguadilla and Dr. Cardona found that the said plaintiff was suffering from a compound fracture, etc., of the left leg with a wound that

spread over the knee, etc.; that the plaintiff underwent an operation wherein it was necessary to extract a large part of the rotula which was fractured in the form of a star; that he had to spend five weeks as a paying patient in the hospital and two months more in his house, and that as a result of the accident he suffered from an ankylosis with a loss of nearly 70 percent of the knee flection which could not be restored, the plaintiff remaining with a partial, permanent incapacity.

As also appeared from the proof, that the wounds received by the plaintiff caused him great physical and moral suffering; that the plaintiff paid Dr. Néstor Cardona the sum of $500 for the operation which he performed; that he also paid the sum of $113 for his stay in the Municipal Hospital, and that he further paid the sum of $75 for medicines, or a total of $688. After discussing the law applicable to the case, the court rendered a judgment in the sum of $2,688.

The appellant criticises the court below for not following section 227 of the Code of Civil Procedure as amended by Act No. 25 of the 12th of July, 1925, which we shall discuss a little hereafter, although no assignment of error was made on this ground. The appellee says that there was no real contradiction in the evidence, but we can not agree. The evidence of the defendant tended to show that it would have been impossible for the witnesses of the plaintiff to have seen the things to which they testified, or, namely, the manner in which the accident occurred. However, we agree with the appellee that the principal attack of the appellant is on the credibility of the plaintiff's witnesses, or whether the facts could have occurred as recited by them. For instance, two of the witnesses stated that there was no moon that night and yet it was sufficiently light to see the license number and exactly the way the truck struck the horse of the plaintiff. Similarly the defendant commented on the

fact that two of the witnesses told the same story, word for word, as if they had been trained to say it. This is only a partial reference to the analysis made by the defendant tending to show that it was impossible for the accident to have happened as testified to by the witnesses of the plaintiff. In several cases we have commented on the fact that inconsistencies between witnesses as to the way an accident happened did not necessarily affect their credibility, because witnesses would ordinarily be mistaken in a part of what they saw or thought they saw. On the other hand, it is no reason for disbelieving either witness because two of them tell exactly the same story, where there is a possibility that they may have talked it over with the attorney or rehearsed it among themselves. Any question of this sort lies within the appreciation to be made by the trier of the case, the judge of the district court.

Reading the evidence we find no reason to doubt the general finding of the court below or the ultimate facts found by it. The only doubts we have had arose from the very able analysis of the defendant, but these doubts are not sufficient to cause a reversal of the case. We have no question that, from the evidence, the court had a right to believe that the chauffeur of the defendant was travelling carelessly on the road in the manner described by the plaintiff's witnesses.

So far as section 227 is concerned, not only did the defendant fail to set forth an assignment of error in regard thereto, but he similarly failed to ask the court to make any further analysis than was done in this case. We have intimated before that it would be impossible for a court to give all the reasons why it believed or disbelieved a particular witness or set of witnesses, and an unremembered gesture might cause a conviction in the mind of the judge.

We can understand the doubts of the appellant, but we are not convinced that the court was wrong in deciding the

case in favor of the plaintiff. This disposes of the second assignment of error.

The third assignment relates to the amount of damages. We feel bound to hold that an award of $2,000, in addition to the actual expenses of the plaintiff, was not excessive.

The judgment appealed from will be affirmed.